COMMONWEALTH vs. WILLIAM H. DUHAMEL.

Worcester. January 9, 1984. — May 15, 1984.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Assistance of counsel. *Due Process of Law,* Delay in appeal.

In the circumstances, the defendant in a rape case was not denied effective assistance of counsel by his attorney's failure to have transcribed the tape recordings of the defendant's probable cause hearing for the purpose of impeaching the prosecution's principal witnesses by means of their prior inconsistent statements. [843-846]

A delay of one year between the time the official court reporter was ordered to prepare an original transcript of the proceedings in a rape trial and the date of delivery of the trial transcript to the defendant's appellate counsel, which was caused by the neglect of the court reporter, did not violate the defendant's rights to due process of law and to speedy appellate review, where the defendant was not prejudiced by the delay. [846-847]

INDICTMENTS found and returned in the Superior Court Department on September 23, 1981.

The cases were tried before *James P. Donohue, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*David C. Casey* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.

LYNCH, J. On September 23, 1981, a grand jury in Worcester county returned four indictments against the defendant. He was charged on two indictments with rape of a child under sixteen under G. L. c. 265, § 23; on one indictment with use of a telephone to make annoying calls under G. L. c. 269, § 14A;

and on one indictment with intimidating a witness under G. L. c. 268, § 13B. The jury found him guilty of one of the rape charges and of the charges of intimidating a witness and using a telephone to make annoying calls. They returned a not guilty verdict on the other rape charge. The judge sentenced the defendant to three to ten years at the Massachusetts Correctional Institution, Walpole, on the rape charge and three to five years on the charge of intimidating a witness, the sentences to run concurrently. The conviction for making annoying calls was placed on file. The defendant's motion for stay of execution of sentence pending appeal was denied. We took the case on our own motion.

The defendant raises two issues on this appeal. First, he claims that he was denied effective assistance of counsel at the trial because his lawyer's failure to transcribe the tapes of the defendant's probable cause hearing made it impossible for him to impeach the prosecution's principal witnesses by means of their prior inconsistent statements. Second, he argues that a delay of one year in delivery of the trial transcript to the defendant's appellate counsel violated his rights to due process under the United States Constitution and to speedy appellate review as protected by art. 11 of the Massachusetts Declaration of Rights. We find both the defendant's arguments to be without merit and we affirm his convictions.

The facts are gleaned from the trial transcript. On June 24, 1981, the defendant went into the bedroom occupied by the daughters of his fiancée. One daughter (the victim), who was twelve, was sleeping and the other (Barbara), who was fourteen, was playing her guitar. Testimony from the victim and from Barbara was that the defendant sat on or knelt by the edge of the victim's bed, rubbed her back and chest, put his hand into her shorts, and penetrated her vagina with his finger. The girls' mother testified that she had gone to the tavern downstairs to buy a six-pack of beer. When she returned to the apartment she saw the defendant, who was on his knees beside the victim's bed, jump up fast with the zipper of his trousers unzipped. At trial the defendant denied any sexual contact with the victim. He testified that he had gone into the

bedroom to talk to the victim, who was angry because he had told her she could not visit her grandmother. When the victim's mother saw him, he was brushing ashes from a spilled ashtray off the bedclothes and picking up spilled cigarette butts. This incident led to the rape charge of which the defendant was convicted.

1. *Ineffective assistance of counsel.* The defendant claims to have been denied effective assistance of counsel at his trial because his lawyer failed to have transcribed the tapes of the probable cause hearing. As a result, the defendant contends, his lawyer could not effectively impeach the testimony of the victim, the victim's sister, and their mother with prior inconsistent statements. This contention is without merit.

The record reveals that trial counsel had had the victim's (but not Barbara's) testimony at the probable cause hearing transcribed, and that he used the transcript to impeach the victim at trial. The record also shows that counsel had taken notes of Barbara's testimony at the probable cause hearing, and used those notes to impeach her. He used the minutes of Barbara's testimony before the grand jury to attempt to refresh her recollection, but the judge refused to admit them in evidence. The judge also refused to allow counsel to play to the jury portions of the tape recording of the probable cause hearing. Neither of these evidentiary rulings was appealed. Finally, the trial testimony of the victim's mother was quite favorable to the defense. She stated that the victim only complained to her once about the defendant's behavior before June 25, 1981, which contradicted the victim's trial testimony. In light of this testimony, trial counsel could have reasonably believed it to be in his client's best interest not to undermine this witness's credibility by attempting to impeach her with inconsistent statements from the probable cause hearing.

Although there were inconsistencies between the testimony of the three principal witnesses at the trial and at the probable cause hearing, and although counsel's cross-examination would undoubtedly have been more powerful had he been prepared with a complete transcription of the probable cause hearing, his failure to transcribe the hearing testimony does

not rise to such a level of incompetence as would justify reversal of the convictions. See *Commonwealth* v. *Sielicki, ante* 377 (1984). In order to find ineffective assistance, we would have to find that "there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and . . . [that] it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). In addition, "there ought to be some showing that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977). As noted above, it would have been a reasonable tactical choice for trial counsel not to impeach the victim's mother. Defense counsel had the victim's testimony at the probable cause hearing transcribed and used it for impeachment purposes. He also obtained the grand jury minutes and the statements the victim and her sister had given to the police. The ineffective assistance of counsel argument, therefore, rests upon the failure to obtain a typed transcript of Barbara's testimony at the probable cause hearing.[1]

At the time of trial, no clear precedent existed to guide counsel on the proper method of using the tape recording of the probable cause testimony. "There is no rule of law in this Commonwealth which either requires or prohibits the use of a tape recording to prove a conversation which is relevant to an issue involved in a trial. 'Tape recordings should . . . be admitted if properly verified, but since the Best Evidence Rule does not apply, a witness may testify as to the conversation he overheard.' W.B. Leach & P.J. Liacos, Massachusetts Evidence 291-292 (4th ed. 1967)." *Commonwealth* v. *Watson,* 377 Mass. 814, 834 (1979). Defense counsel could have as-

---

[1] The Commonwealth also argues that defense counsel's failure to transcribe the entire probable cause hearing does not amount to ineffective assistance of counsel because the transcript would not have been a certified transcript, and even if authenticated might still have been excluded at the discretion of the judge. Because of our holding above, we do not reach this issue.

sumed on the basis of *Watson* that the use of the tape recording was, at least, within the sound discretion of the judge. He further might have assumed, on the basis of out-of-State precedent relied on in *Watson, supra* at 835, that the tape recording had greater evidential value than a transcript of its contents. E.g., *Williams* v. *State*, 93 Okla. Crim. 260, 270-271 (1951) (admission of a recorded interrogation "should be of much more value to the court and the jury than a confession taken in shorthand and later reduced to writing"); *State* v. *Reyes*, 209 Or. 595, 636 (1957) (admission of confession upheld: "Indeed, a recording has value as evidence which is frequently wanting in a signed confession, for it reproduces the very words . . . in [the defendant's] own voice and with all the added meaning and significance that comes from inflection, emphasis, and the other attributes of speech"). Furthermore, what we said in *Commonwealth* v. *Watson, supra*, foreshadowed the result in *Commonwealth* v. *Gordon*, 389 Mass. 351, 355 (1983), where we concluded it would be error for a trial judge to exclude an audio recording of a District Court bench trial simply because the testimony was not presented in the traditional typewritten transcript form. Even if prudence might suggest the additional precaution of obtaining a typed transcript of the tape, defense counsel's failure to do so clearly does not fall measurably below that which might be expected of an ordinary fallible lawyer.

In addition, a comparison of Barbara's testimony at the probable cause hearing and at trial reveals very few material differences. At both hearings she testified that the defendant came into the bedroom, came over to her bed first, and then went over to sit on the victim's bed. Both times she testified that the defendant's hand was in the victim's pants and that the victim was moaning. Both times she testified that the defendant's pants were unzipped when he stood up and that she heard her mother confront the defendant about what he was doing in the bedroom. The only inconsistency is that at the probable cause hearing Barbara testified that she did not see what the defendant was doing until he stood up, while at trial she said that she saw him turn the victim over on her back and put his hand in her pants, and that his body was moving

back and forth. In light of the many consistencies, demonstration of these few, relatively minor, inconsistencies would have at best incrementally undermined Barbara's credibility as a witness. Therefore, no prejudice arises from defense counsel's failure to have a complete transcript of the probable cause hearing with him at trial.[2]

2. *Violation of due process and right to speedy appellate review.* The defendant also argues that the court reporter's delivery of the trial transcript to the defendant's appellate counsel one year after the trial violates his rights as protected by the due process clause of the United States Constitution and his right to speedy appellate review under art. 11 of the Massachusetts Declaration of Rights. Some additional facts are necessary to our discussion of this claim. The defendant's notice of appeal was filed on December 14, 1981, and on December 18, 1981, the court reporter was ordered to prepare an original transcript of the proceedings. In the following months, appellate counsel made five written inquiries about the status of the transcript. Apart from one singularly rude and unhelpful reply from a court clerk, she received no word from the reporter. Finally, on November 24, 1982, a single justice of the Appeals Court granted the defendant's motion requesting that the reporter be ordered to deliver to appellate counsel a copy of the transcript. Appellate counsel finally received a copy of the transcript on December 10, 1982.

"The guaranty of a speedy trial set forth in the Sixth Amendment to the United States Constitution (and art. 11 of the Massachusetts Declaration of Rights) is not read as applying to the appellate process." *Williams, petitioner,* 378 Mass. 623, 625 (1979). This court has also said that "specific circumstances . . . such as deliberate blocking of appellate rights or inordinate and prejudicial delay without a defendant's consent, may rise to the level of constitutional error." *Commonwealth* v. *Swenson,* 368 Mass. 268, 279-280 (1975). See also *Doescher* v. *Estelle,* 454 F. Supp. 943, 946 (N.D. Tex. 1978)

---

[2] For authority from other jurisdictions that failure to obtain a transcript of a preliminary hearing for impeachment at trial does not constitute ineffective assistance of counsel, see *United States* v. *Decoster,* 624 F.2d 196, 213 (D.C. Cir. 1976); *Dodson* v. *State,* 237 Ga. 607, 609 (1976); *People* v. *Lewis,* 89 Ill. App. 3d 840, 846 (1980).

("Inexcusable delay in processing an appeal may become a denial of due process . . .").

A wait of one year for the transcript of a two-day trial is deplorable, especially given that the defendant's minimum sentence was only three years. However, while the unresponsiveness of the court reporter is not to be condoned, the defendant was not prejudiced by the delay. Given our holding that trial counsel was not ineffective, it would be strange indeed if we said that delay in processing the defendant's nonmeritorious appeal warrants reversal of his convictions. Prejudice to the defendant as a result of the delay is a prerequisite to finding a constitutional violation. *Williams, petitioner, supra* at 626-627. *Commonwealth* v. *Swenson, supra* at 279-280. See also *State* v. *Chapple*, 135 Ariz. 281, 298-299 (1983). There is no prejudice in the defendant's serving a sentence he would have had to serve anyway. Therefore, because counsel's conduct of the trial does not rise to the level of ineffective assistance of counsel and because the delay in receiving the transcript was not prejudicial, the judgments must be affirmed.

*Judgments affirmed.*