ALLEN CAGGIANO *vs.* COMMONWEALTH. February 26, 1990. *Supreme Judicial Court*, Superintendence of inferior courts.

Allen Caggiano (petitioner) appeals from the judgment of a single justice of this court denying him relief under G. L. c. 211, § 3 (1988 ed.). The petitioner was convicted of cocaine trafficking on February 10, 1988, and thereafter filed a timely notice of appeal from his conviction. Subsequent to his conviction the petitioner also filed a motion pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), seeking alteration of his sentence or a new trial. The judge denied this motion, and the petitioner filed a notice of appeal.

On June 15, 1989, while his appeals from his conviction and the denial of his rule 30 motion were still pending, the petitioner sought relief before a single justice of this court under G. L. c. 211, § 3. He alleged judicial misconduct, police misconduct, and ineffective assistance of counsel. In addition, the petitioner claimed that the Plymouth County Superior Court clerk's office had obstructed his access to the appellate and postconviction processes by failing to assemble the record of his appeal, as required by Mass. R. A. P. 9 (d), as amended, 378 Mass. 935 (1979), even though the trial transcript was filed in November of 1988. The single justice denied relief because of the availability of other remedies.

On August 3, 1989, the petitioner filed in the Supreme Judicial Court for Suffolk County what he characterizes as a "writ of mandamus" to compel the clerk of the Plymouth County Superior Court to assemble the

record so that he could proceed with his appeals from his conviction and the denial of his rule 30 motion.

1. *Denial of relief under G. L. c. 211, § 3.* Decisions of a single justice will not be disturbed on appeal absent clear error of law or abuse of discretion. See *Fogarty v. Commonwealth,* ante 103, 106 (1989). See also *Palaza* v. *Superior Court,* 393 Mass. 1001, 1002 (1984). Neither situation is present here.

A party is entitled to the exercise of the court's general superintendence powers under G. L. c. 211, § 3, "if no other remedy is expressly provided." The issues raised before the single justice are or could have been raised in the petitioner's appeals from his conviction and the denial of his rule 30 motion. There was no occasion for the court to exercise its extraordinary authority under G. L. c. 211, § 3. See *DuPont* v. *Superior Court,* 401 Mass. 122 (1987). See also *Fogarty* v. *Commonwealth, supra.*

2. *Assembly of the record.* On the basis of the record before us, it would appear that the clerk of the trial court has failed to comply with rules in regard to assembling and transmission of the record on appeal. Mass. R. A. P. 9 (a), (d), as amended, 378 Mass. 935 (1979). Not only could that matter have been raised in the trial court, it was raised again here subsequent to the decision of the single justice by the petitioner's "writ of mandamus." Whatever merit there may be in the matter, it is not properly before us.

3. *Disposition.* The judgment of the single justice denying relief under G. L. c. 211, § 3, is affirmed. The petitioner's request for relief in the nature of mandamus is referred to the single justice for disposition.

*So ordered.*

The case was submitted on briefs.

*Allen Caggiano,* pro se.

*James M. Shannon,* Attorney General, & *Jill S. Plancher,* Assistant Attorney General, for the Commonwealth.