JAMES P. KYRICOPOULOS *vs.* ROYDEN C. RICHARDSON. February 13, 1991. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Appeal.

James P. Kyricopoulos (petitioner) appeals from the judgment of a single justice of this court denying him relief under G. L. c. 211, § 3 (1988 ed.), and Mass. R. Crim. P. 30 (c) (8), 378 Mass. 900 (1979). The petitioner sought from the single justice "leave to prosecute an appeal" from two orders entered in the Superior Court denying his petition for a writ of habeas corpus and denying his subsequent petition for "habeas corpus for appeal." It appears that the latter petition, as well as the petition to the single justice, was prompted by the petitioner's discovery that his appeal from the denial of his petition for a writ of habeas corpus had not been entered in the Appeals Court.

Decisions of a single justice denying relief under G. L. c. 211, § 3, will not be disturbed on appeal absent clear error of law or abuse of discretion. *Caggiano* v. *Commonwealth*, 406 Mass. 1004, 1005 (1990). Neither occurred here.

First, the petitioner did not need leave from the single justice to prosecute the appeal. Second, to the extent that the petitioner sought intervention by the single justice to facilitate the appeal, a "party is entitled to the exercise of the court's general superintendence powers under G. L. c. 211, § 3, 'if no other remedy is expressly provided.'" *Caggiano* v. *Commonwealth, supra*. The petitioner has not demonstrated that he has taken all of the steps needed to perfect his appeal nor demonstrated that he has exhausted available means of correcting any omission in the Superior Court or Appeals Court which may have resulted in his appeal not being entered in the Appeals Court. Cf. *Zieminski* v. *Berkshire Div. of the Probate & Family Court Dep't*, 408 Mass. 1008, 1009 (1990).

Moreover, it appears from other papers submitted with the petition to the single justice that the underlying basis for the petition for a writ of habeas corpus consisted of claims that could have been asserted in an appeal from the petitioner's conviction (an appeal which petitioner says has not been perfected) or in a motion for a new trial under Mass. R. Crim. P. 30, 378 Mass. 900 (1979). See *Caggiano* v. *Commonwealth, supra* (no occasion for relief under c. 211, § 3, in such circumstances).

In a separate document accompanying his petition to the single justice, the petitioner sought monetary damages for each day he claims to have been unlawfully incarcerated. Were there any merit to his claim for monetary damages (we do not suggest that there is), the petitioner has not shown that any extraordinary intervention by the single justice is required

in order to effectuate an appropriate adjudication of his claim for monetary relief.

*Judgment affirmed.*

The case was submitted on briefs.

*James P. Kyricopoulos*, pro se.

*James M. Shannon*, Attorney General, & *Jill S. Plancher*, Assistant Attorney General, for the defendant.