JAMES HINES *vs.* COMMONWEALTH. July 24, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner was tried, convicted, and sentenced in 1982 on a charge of escape. In 1995, he filed a petition in the county court, pursuant to G. L. c. 211, § 3 (1994 ed.), seeking relief from his sentence. A single justice denied the petition without a hearing, and the petitioner appeals.

To obtain relief under G. L. c. 211, § 3, a petitioner must demonstrate that the alleged error or abuse could not adequately and effectively be remedied through the normal appellate process or through some other available method of review. *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), and cases cited. *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106-107 (1989). *DuPont* v. *Superior Court*, 401 Mass. 122 (1987). The error alleged in this case was the imposition of a Massachusetts sentence to be served on and after a sentence that the petitioner was then serving in the District of Columbia. The petitioner claims that the imposition of a consecutive sentence in these circumstances was an abuse of discretion and constituted cruel and unusual punishment in violation of the Federal and State Constitutions.

The petitioner had and has available to him adequate and effective routes, other than G. L. c. 211, § 3, by which to challenge his sentence. He could have raised his constitutional claim in his direct appeal; tested the severity of his sentence in an appeal to the Appellate Division of the Superior Court in accordance with G. L. c. 278, §§ 28A-28C (1994 ed.); filed a motion to revise or revoke his sentence pursuant to Mass. R. Crim. P. 29, 378 Mass. 899 (1979); or moved for relief from unlawful restraint under Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979). The single justice correctly denied the petition, without a hearing, in light of the availability of these other routes which could have been pursued. *Caggiano* v. *Commonwealth*, 406

Mass. 1004, 1005 (1990). *Simmons* v. *Commonwealth*, 403 Mass. 1004 (1988).

*Judgment affirmed.*

The case was submitted on briefs.

*James Hines*, pro se.

*Scott Harshbarger*, Attorney General, & *Elisabeth J. Medvedow*, Assistant Attorney General, for the Commonwealth.

