JAMES HINES *vs.* COMMONWEALTH. July 3, 1997. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Appeal, Record.

The petitioner appeals from a judgment of a single justice of this court denying his petition for relief filed under G. L. c. 211, § 3. We affirm.

In 1982, the petitioner was convicted of escape and armed robbery. The sentences imposed on him were to be served on and after a sentence that the petitioner was then serving in the District of Columbia. In his G. L. c. 211, § 3, petition, which he filed in 1996, the petitioner claimed various errors in the handling of his sentence appeals by the Appellate Division of the Superior Court.

Review of the denial of relief by a single justice of this court under G. L. c. 211, § 3, is limited to whether the single justice committed an error of law or an abuse of discretion. *Caggiano* v. *Commonwealth*, 406 Mass. 1004, 1005 (1990). The petitioner has not met his burden under G. L. c. 211, § 3, to show "both a substantial claim of violation of his substantive rights and irremediable error." *Barnoski* v. *Commonwealth*, 413 Mass. 1007, 1007 (1992), quoting *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1990). His petition was not accompanied by any documentation, e.g., materials from the Appellate Division record, to support his claims of error. The record before the single justice thus did not disclose any factual basis for asserting a denial of constitutional or statutory rights in the sentence appeal proceedings. The petitioner was responsible for developing such a record. See *Barnoski* v. *Commonwealth, supra*; *Pandey* v. *Ware Div. of the Dist. Court Dep't*, 412 Mass. 1002, 1003 (1992).

While this appeal has been pending, the petitioner filed in this court what he referred to as a "writ of mandamus," essentially a request to compel the clerk for criminal business of the Superior Court in Suffolk County to provide him with the record pertaining to his sentence appeals. He contends that his repeated requests for relevant documents from the Appellate Division record have gone unheeded, and he argues that without these documents he is unable effectively to challenge the Appellate Division proceedings.

The judgment of the single justice denying relief under G. L. c. 211, § 3, is affirmed. The petitioner's request for relief in the nature of mandamus is referred to the single justice for disposition. [1]

*So ordered.*

The case was submitted on brief.

*James Hines*, pro se.

[1]We do not suggest that the petitioner will be entitled to mandamus relief. That is a determination for the single justice to make. Nor do we suggest that any papers which the petitioner may obtain from the Appellate Division will necessarily entitle him to relief pursuant to G. L. c. 211, § 3, or otherwise. Finally, nothing we said in *Hines* v. *Commonwealth*, 423 Mass. 1004, cert. denied, 117 S. Ct. 439 (1996), was intended to suggest that each and every one of the alternative remedies identified therein remains open and available to the petitioner.

