FRANCESCO CAMPITI *vs.* COMMONWEALTH. November 19, 1997. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Constitutional Law,* Delay in appeal. *Due Process of Law,* Delay in appeal.

On June 5, 1996, nearly two years after his appeals from his convictions and from the denial of his postconviction motions had been taken under advisement by the Appeals Court, Francesco Campiti filed a petition in the county court pursuant to G. L. c. 211, § 3. He alleged that the passage of such a lengthy period of time while the appeals were under advisement, together with other delay that had occurred while the case was pending in the trial court, constituted a violation of his due process rights.[1] He requested either a dismissal of the indictments, a stay of execution of his sentences and admission to bail pending a decision from the Appeals Court, or an order requiring the Appeals Court to issue a decision "within the near future and not exceeding a reasonable amount of time."

A single justice, after a hearing, submitted the petition to the full court for its consideration as an administrative matter and otherwise denied the relief sought by Campiti. Campiti timely appealed from the judgment of the single justice; his appeal is the matter presently before us. On August 7, 1996, the Appeals Court issued its decision affirming Campiti's convictions and upholding the denial of his postconviction motions. *Commonwealth* v. *Campiti*, 41 Mass. App. Ct. 43 (1996). The Appeals Court thereafter denied Campiti's petition for a rehearing, and we denied both his initial application and his supplemental application for further appellate review.

Campiti contends that the single justice erred in refusing to dismiss the indictments. Finding no clear error of law or abuse of discretion by the single justice, we affirm. See *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't*, 418 Mass. 153, 156 (1994) ("It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or clear error of law"). See also *Caggiano* v. *Commonwealth*, 406 Mass. 1004, 1005 (1990); *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106 (1989).

"There are only two circumstances in which a delayed appeal 'may rise to the level of constitutional error': where State agents have deliberately blocked the defendant's appellate rights, or where the delay is 'inordinate and

---

[1]On January 14, 1993, and again on April 20, 1993, Campiti filed petitions in the county court pursuant to G. L. c. 211, § 3, claiming that the posttrial delays in the trial court had deprived him of due process. Those petitions were denied by single justices. *Campiti* v. *Commonwealth*, 417 Mass. 454, 455 (1994).

prejudicial.' " *Commonwealth* v. *Libby*, 411 Mass. 177, 178 (1991), and cases cited. Campiti did not claim before the single justice that the Commonwealth had deliberately blocked his appeals in any way. The only question for the single justice, therefore, was whether, on the record before him, Campiti had adequately demonstrated that the delay in his appeals had been inordinate and prejudicial. We had previously held that the posttrial delay in the trial court was not shown to be prejudicial and, in any case, could have been addressed and remedied, if warranted, through the normal appellate process. *Campiti* v. *Commonwealth*, 417 Mass. 454, 457 (1994).

The two-year period while the appeals were under advisement in the Appeals Court may have been inordinate, regardless of the number and complexity of the issues raised, but it was not shown to be prejudicial. Campiti presented nothing to the single justice, either in his petition or at the hearing, demonstrating that the passage of this amount of time hindered his ability to present, or the court's ability to decide, the issues. See *Commonwealth* v. *Hudson*, 404 Mass. 282, 285 (1989) ("Because the defendant has failed to produce any evidence or make any argument that his 'ability to present . . . arguments on appeal [has been] adversely affected by the passage of time' his due process argument fails"), quoting *Commonwealth* v. *Weichel*, 403 Mass. 103, 109 (1988). Nor did he show that the delay in the Appeals Court following the oral argument somehow transformed what had previously been determined to be nonprejudicial delay in the trial court into prejudicial delay. Furthermore, we can safely say in hindsight that, because the Appeals Court upheld the convictions, there is no possibility that the delay impaired any retrial due to the unavailability of witnesses or the fading of memories, and Campiti did not even make such a claim before the single justice. See *Commonwealth* v. *Weichel, supra*; *Commonwealth* v. *Thomas*, 400 Mass. 676, 684 (1987); *Commonwealth* v. *Lee*, 394 Mass. 209, 221 (1985); *Commonwealth* v. *Duhamel*, 391 Mass. 841, 847 (1984) ("it would be strange indeed if we said that delay in processing the defendant's nonmeritorious appeal warrants reversal of his convictions").

In his brief to the full court, Campiti raises several issues and theories that were not presented to the single justice. Those matters are beyond the limited scope of this appeal and are either unsupported by the material in the record appendix, lacking in merit, or both. We also decline in this narrow context to review, as Campiti asks us to do, the correctness of the Appeals Court's resolution of the underlying issues in its opinion that followed the proceeding before the single justice.

We hold that, based on the slim record before him, the single justice did not err or abuse his discretion in denying the portion of Campiti's petition that requested dismissal of the indictments. The single justice's approach — referring the matter to the full court for consideration as an administrative matter — was both a practical disposition and a sound exercise of discretion, and it was consistent with the alternative relief sought by Campiti in his petition.

*Judgment affirmed.*

The case was submitted on briefs.

*Vincent A. Bongiorni* for the plaintiff.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.