CHARLOTTE SCHNEIDER *vs.* AN ASSOCIATE JUSTICE OF THE HOUSING COURT DEPARTMENT. June 28, 1999. *Supreme Judicial Court,* Superintendence of inferior courts. *Judicial Immunity.*

Charlotte Schneider (petitioner), pro se, appeals from the judgment of a single justice of this court dismissing the petitioner's request for relief pursuant to G. L. c. 211, § 3. We affirm.

The petitioner filed a complaint seeking injunctive relief and penalties for alleged criminal wrongdoing against an associate justice of the Boston Division of the Housing Court Department (respondent) who had presided over a summary process action brought by the petitioner's landlord. Although the petitioner later attempted to add two attorneys as respondents, she sought no specific relief against them and failed to file an amended complaint. The judge effectively was the sole respondent in the action before the single justice, and the single justice addressed only the claims asserted against him.

The petitioner has failed to demonstrate "both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 119 S. Ct. 514 (1998), and cases cited. See *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). Moreover, the single justice correctly ruled that the respondent enjoys absolute judicial immunity for the actions alleged in the petitioner's complaint, including his appointment of a guardian ad litem and his denial of her application

for a restraining order. See *Stump* v. *Sparkman*, 435 U.S. 349, 355-356 (1978); *Allard* v. *Estes*, 292 Mass. 187, 190 (1935). Accordingly, the single justice did not abuse her discretion or commit an error of law in allowing the respondent's motion to dismiss the petition.

On appeal, the petitioner "raises numerous issues, arguments, and requests for relief that were not before the single justice and, therefore, are beyond the limited scope of this appeal. We do not address those matters." *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998), citing *Campiti* v. *Commonwealth*, 426 Mass. 1004, 1005 (1997); *Sinai* v. *Plymouth Div. of the Probate & Family Court Dep't*, 425 Mass. 1021 (1997). Additionally, we express no opinion on any cause of action that the petitioner may have against anyone other than the respondent.

*Judgment affirmed.*

The case was submitted on brief.

*Charlotte Schneider*, pro se.