JAMES HINES, petitioner. July 12, 2000. *Supreme Judicial Court,* Superintendence of inferior courts, Certification of questions of law, Opinions of the Justices.

The petitioner appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief filed pursuant to G. L. c. 211, § 3. We affirm.

In 1982, the petitioner was convicted on charges of escape and armed robbery. The sentences imposed for those offenses were to be served from and after a sentence that the petitioner was then (and still is) serving in the District of Columbia. In 1996 and 1997, the petitioner filed petitions with the advisory board of pardons (board) requesting a commutation of the Massachusetts sentences he faces when he completes his sentence in the District of Columbia. The board denied the petitioner's request for a commutation hearing.

While his request for a commutation was pending before the board, the petitioner filed his petition pursuant to G. L. c. 211, § 3, in the county court. He requested the court either to (a) certify a question of law regarding whether his consecutive sentences violated the Eighth Amendment to the United States Constitution to the Court of Appeals for the District of Columbia or to the United States Supreme Court; or (b) issue an advisory opinion on this question.

Review of the denial of relief under G. L. c. 211, § 3, is limited to the question whether the single justice committed an error of law or an abuse of discretion. See *Campiti* v. *Commonwealth*, 426 Mass. 1004, 1004 (1997). There was no error or abuse of discretion here. First, our rule authorizing the court to certify questions of law, S.J.C. Rule 1:03, § 8, as appearing in 382 Mass. 700 (1981), contains no provision for certifying questions to a Federal court. In any event, given that the question posed by the petitioner could have been raised and addressed in his direct appeal or in the other forums we identified in *Hines* v. *Commonwealth*, 423 Mass. 1004 (1996), the single

---

justice was well within his discretion to deny the petitioner's request for certification.

Second, the petitioner, a private citizen, is not entitled to request an advisory opinion from this court — only the Legislature, Governor, and Executive Council may request advisory opinions, "upon important questions of law, and upon solemn occasions." Part II, c. 3, art. 2, of the Massachusetts Constitution. See *Answer of the Justices*, 426 Mass. 1201, 1203 (1997); *Answer of the Justices*, 319 Mass. 731, 733 (1946) (recognizing that our Constitution not only limits the court's duty but binds its right to express opinions). Also, a petition filed pursuant to G. L. c. 211, § 3, is not directed to the appropriate forum; only the full court, not a single justice, is authorized to issue an opinion in appropriate circumstances. Accordingly, the single justice did not err in declining to issue an opinion.

The petitioner's requests for relief in this petition are nothing more than a guise to have his sentences reviewed under G. L. c. 211, § 3, which, as we have held, is not appropriate. *Hines* v. *Commonwealth, supra.*[1]

*Judgment affirmed.*

The case was submitted on briefs.

*Annette C. Benedetto*, Assistant Attorney General, for Massachusetts Parole Board.

*James Hines*, pro se.

---

[1]We decline to address additional issues raised in the petitioner's brief that were not raised before the single justice. *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998). *Campiti* v. *Commonwealth*, 426 Mass. 1004, 1005 (1997).