The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jason Sterling*, pro se.

RICHARD CEPULONIS *vs.* COMMONWEALTH & another.[1] April 5, 2005. *Constitutional Law*, Delay in appeal, Speedy trial. *Due Process of Law*, Delay in appeal. *Supreme Judicial Court*, Appeal from order of single justice.

In a complaint for declaratory judgment filed in the county court, Richard Cepulonis alleged that the length of time the Appeals Court took to decide his appeal in a civil case, *Cepulonis* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 56 Mass. App. Ct. 1117 (2002), violated his right under art. 11 of the Massachusetts Declaration of Rights to obtain justice "without delay." A single justice of this court correctly denied relief.

"The guaranty of a speedy trial set forth in the Sixth Amendment to the United States Constitution (and art. 11 of the Massachusetts Declaration of Rights) is not read as applying to the appellate process." *Commonwealth* v. *Lee*, 394 Mass. 209, 220 (1985), quoting *Williams, petitioner*, 378 Mass. 623, 625 (1979). In the criminal context, where a defendant claims that a delay has resulted in a violation of due process, we have stated that "[t]here are only two circumstances in which a delayed appeal 'may rise to the level of constitutional error': where State agents have deliberately blocked the defendant's appellate rights, or where the delay is 'inordinate and prejudicial.' " *Campiti* v. *Commonwealth*, 426 Mass. 1004, 1004-1005 (1997), quoting *Commonwealth* v. *Libby*, 411 Mass. 177, 178 (1991). We shall assume without deciding that these principles would hold true in a civil appeal. Further assuming that Cepulonis's papers can be read as claiming that he has been deprived of due process (which is doubtful), we conclude that he has not established constitutional error.

---

[1] Appeals Court.

Cepulonis does not allege, either in his complaint or in his brief, that the Commonwealth deliberately blocked his appellate rights. His assertion in his brief that the Appeals Court has a "policy and practice" of taking at least two years to decide a civil appeal does not establish deliberate blocking and is unsupported by the record in any event. In fact, the appeal at issue was decided less than eighteen months after it was entered in the Appeals Court. Further, Cepulonis does not explain how any delay could have been prejudicial, especially considering the fact that his appeal was unsuccessful. Cf. *Campiti* v. *Commonwealth, supra* at 1005, quoting *Commonwealth* v. *Duhamel*, 391 Mass. 841, 847 (1984) ("it would be strange indeed if we said that delay in processing the defendant's nonmeritorious appeal warrants reversal of his convictions"). In these circumstances, we perceive no error of law or abuse of discretion by the single justice.

A judgment shall enter in the county court declaring that Cepulonis has not shown a violation of his rights under art. 11, the due process clause, or otherwise.

*So ordered.*

The case was submitted on briefs.

*Richard Cepulonis*, pro se.

*Stephen Dick*, Assistant Attorney General, for the defendants.