JAMES MURRAY *vs.* COMMONWEALTH & others.[1] August 10, 2006. *Mandamus.* *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, James Murray, also known as James Hines, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for a writ of mandamus. We affirm.

In 1982, the petitioner was convicted on charges of escape and armed robbery. The sentences he received were to be served from and after a sentence that he was then serving in the District of Columbia. See *Hines, petitioner,* 432 Mass. 1004 (2000). Although the record is not developed on this point, the petitioner represents (and the defendants apparently agree) that he appealed from his sentences to the Appellate Division of the Superior Court, and that the Appellate Division eventually dismissed his appeal in 1990. See G. L. c. 278, § 28B ("If the appellate division decides that the original sentence or sentences should stand, it shall dismiss the appeal").[2] In 2005, he filed a petition for a writ of mandamus in the county court, seeking, among other things, to compel the Attorney General to file a motion with the Appellate Division asking that the sentence appeal be reinstated, and to compel the Appellate Division to reinstate the appeal.[3]

Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available. *Forte* v. *Commonwealth,* 429 Mass. 1019, 1020 (1999), and cases cited. The petitioner seeks to compel the Appellate Division, as well as the Attorney General, to perform discretionary acts rather than ministerial ones. Relief in the nature of mandamus is not appropriate to compel performance of discretionary acts. *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n,* 397 Mass. 341, 344 (1986). "[E]ven if the act sought to be compelled is ministerial in nature, relief in the nature of mandamus is extraordinary and may not be granted except to prevent a failure of justice in instances where there is no other adequate remedy." *Forte* v. *Commonwealth, supra,* quoting *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n, supra.*[4]

---

[1]The Appellate Division of the Superior Court and the Attorney General.

[2]There is no indication in the record that the Appellate Division's dismissal of the appeal was anything other than on the merits. The petitioner has not furnished any documentation from the Appellate Division case.

[3]His petition also sought to compel the Attorney General to withdraw a notification sent to the Federal Bureau of Prisons in 2002 that the Commonwealth would assume custody of him on his release.

[4]The record presented by the petitioner is insufficient in any event to warrant mandamus relief. Cf. *Gorod* v. *Tabachnick,* 428 Mass. 1001, cert. denied, 525 U.S. 1003 (1998) (petitioner seeking extraordinary relief must create sufficient record to demonstrate that relief warranted).

Furthermore, under G. L. c. 278, § 28B, if the Appellate Division decides that the original sentence should stand, it shall dismiss the appeal, and the statute expressly states that "[i]ts decision shall be final." "Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of another court or judge 'shall be final.' " *Hurley* v. *Superior Court Dep't of the Trial Court*, 424 Mass 1008, 1009 (1997). This is the fourth time the petitioner has been before a single justice and the full court seeking to obtain extraordinary relief from his sentences. See *Hines, petitioner, supra* at 1005; *Hines* v. *Commonwealth*, 425 Mass. 1013 (1997); *Hines* v. *Commonwealth*, 423 Mass. 1004, cert. denied, 519 U.S. 984 (1996).[5] The single justice did not err in denying this most recent petition.

*Judgment affirmed.*

The case was submitted on briefs.

*James Murray*, pro se.

*Susanne G. Reardon*, Assistant Attorney General, for the Commonwealth.


---

[5]He was also before the single justice a fifth time in 2000, with a request for an order of mandamus compelling the Appellate Division to reinstate his sentence appeal, in essence the same relief he seeks here. He did not appeal to the full court from the single justice's denial of his request on that occasion. See *Hines vs. Appellate Div. of the Superior Court*, SJ-2000-439 (Oct. 18, 2000).