JAMES MURRAY *vs.* MASSACHUSETTS PAROLE BOARD & others.[1] April 15, 2008. *Practice, Criminal,* Sentence, Parole. *Supreme Judicial Court,* Jurisdiction.

The petitioner, James Murray, also known as James Hines, appeals from a

---

[1]We authorized this appeal to proceed after Din-Dayal filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).

[1]Commissioner of Correction; Bruce A. Holloway; Mary C. Roemer; United States Parole Commission; Warden of the United States Penitentiary at Hazelton. It does not appear that the other named respondents have been served with the petition or with the papers the petitioner has filed on appeal.

judgment of a single justice of this court denying his "Petition for Interim Relief," through which he sought to invoke this court's general equity jurisdiction. See G. L. c. 214, § 1. We affirm.

In 1982, the petitioner was convicted of armed robbery and escape, and sentenced to consecutive periods of incarceration. His sentences were to be served from and after sentences he was, and still is, serving in Federal prison in connection with offenses committed in the District of Columbia.[2] In 2003, he was granted parole from Federal prison, but declined to be released because he did not want to return to Massachusetts to serve his "from and after" sentences.

In the county court, he essentially sought an order directing the Massachusetts Parole Board (board) to aggregate his Massachusetts and District of Columbia sentences, and an order expunging a notice issued by Massachusetts authorities to the Federal Bureau of Prisons indicating Massachusetts's intention to take custody of the petitioner on his release from Federal prison. To the extent that the petitioner seeks credit toward satisfaction of his Massachusetts sentences for the time he has remained incarcerated in Federal prison since he was granted but refused release on parole, such relief is not available because he is not currently serving his Massachusetts sentences; the board is authorized to make parole decisions affecting only "prisoners in state and county correctional institutions." G. L. c. 127, § 128. To the extent that he seeks an order affecting his District of Columbia sentences, that request is unavailing because the District of Columbia is a separate sovereign. In an earlier action commenced in a Federal District Court, the petitioner sought unsuccessfully to obtain an order directing the District of Columbia Parole Board to aggregate his District of Columbia sentences with his Massachusetts sentences. See Murray vs. Stempson, U.S. Dist. Ct. Civ. A. No. 92-0118-LFO (D.D.C. May 1, 1992) (denying petitioner's request where sentences imposed by separate sovereigns). The single justice properly denied the petition.[3]

*Judgment affirmed.*

The case was submitted on briefs.

*James Murray*, pro se.

*Susanne G. Reardon*, Assistant Attorney General, for Massachusetts Parole Board.

---

[2]On several occasions, the petitioner has attempted unsuccessfully to challenge his Massachusetts sentences. See *Murray* v. *Commonwealth*, 447 Mass. 1010 (2006); *Hines, petitioner*, 432 Mass. 1004 (2000); *Hines* v. *Commonwealth*, 425 Mass. 1013 (1997); *Hines* v. *Commonwealth*, 423 Mass. 1004, cert. denied, 519 U.S. 984 (1996).

[3]We express no view on the merits of the petitioner's claims were he to raise them after returning to Massachusetts to begin serving his sentences.

