JAMES MURRAY *vs*. COMMONWEALTH & others.[1] December 23, 2009. *Supreme Judicial Court,* Jurisdiction, Superintendence of inferior courts. *Practice, Criminal,* Sentence.

The petitioner, James Murray, also known as James Hines, appeals from a judgment of a single justice of this court dismissing as moot his "petition for equity relief," in which he sought to invoke this court's general equity jurisdiction pursuant to G. L. c. 214, § 1. We affirm.

The petitioner has been before a single justice and this court on at least five

---

[1]The Appellate Division of the Superior Court and the Attorney General.

previous occasions, each time seeking to challenge sentences imposed after a 1982 conviction for armed robbery and escape. See *Murray* v. *Massachusetts Parole Bd.*, 451 Mass. 1002 (2008); *Murray* v. *Commonwealth*, 447 Mass. 1010 (2006); *Hines, petitioner*, 432 Mass. 1004 (2000); *Hines* v. *Commonwealth*, 425 Mass. 1013 (1997); *Hines* v. *Commonwealth*, 423 Mass. 1004, cert. denied, 519 U.S. 984 (1996). This time, in his G. L. 214, § 1, petition, he sought from the single justice "a judgment ordering the Appellate Division to enter expeditiously a final disposition of petitioner's sentence appeals." As the single justice noted, however, the relief that the petitioner seeks has already been granted, the Appellate Division having dismissed the petitioner's appeals on May 8, 2008. In April, 2007, the petitioner filed a "petition to reinstate sentence appeals" with the Appellate Division of the Superior Court. On May 8, 2008, the petition was dismissed without prejudice after a hearing. "[U]nder G. L. c. 278, § 28B, if the Appellate Division decides that the original sentence should stand, it shall dismiss the appeal." *Murray* v. *Commonwealth*, *supra* at 1011. Furthermore, "the statute expressly states that [the Appellate Division's] decision shall be final." *Id.* "Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of another court or judge 'shall be final.' " *Id.*, quoting *Hurley* v. *Superior Court Dep't of the Trial Court*, 424 Mass. 1008, 1009 (1997). The single justice did not err in dismissing the petition.

As we have noted, this is at least the petitioner's fifth attempt to challenge his sentences in this court. He is on notice that any future attempt to seek extraordinary relief from this court, pursuant to G. L. c. 214, § 1; G. L. c. 211, § 3; or otherwise, raising like claims may result in appropriate action by the court.

*Judgment affirmed.*

The case was submitted on briefs.

*James Murray*, pro se.

*Susanne G. Reardon*, Assistant Attorney General, for the defendants.