NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12011

RAYMOND P. VINNIE  vs.  COMMONWEALTH.


September 12, 2016.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Capital
     case.  Mandamus.  Practice, Civil, Action in nature of
     mandamus, Fraud.  Fraud.


     The defendant, Raymond P. Vinnie, was convicted of murder
in the first degree in 1993.  In his first motion for a new
trial he argued, among other things, that his trial counsel
erred in not requesting, and the judge erred in not giving, an
instruction to the jury that it could return a verdict of guilty
of murder in the second degree.  The motion judge, who was also
the trial judge, denied the motion.  The defendant's appeal from
that denial was consolidated with his direct appeal, and we
affirmed both the conviction and the denial of the motion for a
new trial.  Commonwealth v. Vinnie, 428 Mass. 161 (1998), cert.
denied, 525 U.S. 1007 (1998).  Since then, the defendant has
filed numerous additional postconviction motions, the latest of
which was a "petition in the nature of mandamus pursuant to
G. L. c. 249, § 5," which he filed in the county court in 2015.
A single justice denied the petition on the basis that mandamus
relief was not appropriate because the defendant had another
adequate remedy.  The single justice also noted that even if he
were to treat the petition as a subsequent motion for a new
trial and, accordingly, consider it pursuant to the gatekeeper
provision of G. L. c. 278, § 33E, he would deny it because the
jury instruction issue was not "new and substantial."

     After the single justice denied the petition, the defendant
filed a notice of appeal, and, after his appeal was entered in
this court, a brief.  The Commonwealth subsequently filed a

motion to dismiss, arguing that there is no right to appeal from the denial of a gatekeeper petition pursuant to G. L. c. 278, § 33E. The defendant, in turn, filed an opposition to the Commonwealth's motion, arguing that what he filed in the county court was not a gatekeeper petition but, rather, a mandamus petition. Regardless whether we consider the petition pursuant to G. L. c. 249, § 5, or G. L. c. 278, § 33E, the defendant is not entitled to relief.

As the Commonwealth correctly notes, a single justice's decision, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is final and unreviewable. Commonwealth v. Scott, 437 Mass. 1008 (2002). Commonwealth v. Ambers, 397 Mass. 705, 710-711 (1986), and cases cited. To the extent that the defendant's petition in the county court was, in essence, a motion for a new trial, and to the extent it was therefore subject to G. L. c. 278, § 33E, his appeal from the single justice's decision is not properly before us.

Treating his petition as a request for mandamus relief, pursuant to G. L. c. 249, § 5, the defendant fares no better. "Relief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available." Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006), citing Forte v. Commonwealth, 429 Mass. 1019, 1020 (1999). This is not a circumstance where no other relief was available. The defendant raised the issue regarding the jury instruction in his motion for a new trial; it was considered and rejected by the judge, after an evidentiary hearing; and it was considered and rejected by this court on appeal. See Vinnie, supra at 179-180. Furthermore, mandamus relief "is not appropriate where the acts in question are discretionary rather than ministerial." Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 606 (2010), citing Murray, supra. The act that the defendant seeks to compel -- that his motion for a new trial be allowed -- is not ministerial. There is, in any event, no basis for a new trial. In short, there is no merit to the defendant's argument that the trial judge committed a "fraud" on this court. We have reviewed the relevant portions of the transcript of the hearing on the motion for a new trial and are satisfied that the judge properly denied the motion. The judge was entitled to credit the testimony of the defendant's trial counsel and to make findings adverse to the defendant, which he did. There was no "fraud" on the court, as the term is understood in this context.

Judgment affirmed.

The case was submitted on briefs.

Raymond P. Vinnie, pro se.

Tracey A. Cusick, Assistant District Attorney, for the Commonwealth.