In Murray v. Commonwealth, 455 Mass. 1016, 1016-1017, 918 N.E.2d 787 (2009), we *329 described the petitioner's history of filing multiple improper and ultimately unsuccessful actions in this court to challenge his Massachusetts sentences. We put him "on notice that any future attempt to seek extraordinary relief from this court, pursuant to G. L. c. 214, § 1 ; G. L. c. 211, § 3 ; or otherwise, raising like claims may result in appropriate action by the court." Id. at 1017, 918 N.E.2d 787. We now order, therefore, that until such time as the petitioner actually begins serving his Massachusetts sentences, he shall not be permitted to file any further action in this court challenging the validity or status of his sentences or his entitlement to **1021 parole, without prior approval of a single justice of this court.[5]
Judgment affirmed.

We decline to address additional issues raised by the petitioner on appeal that were not raised before the single justice, or to consider materials that were not included in the record before her. See In re Hines, 432 Mass. at 1005 n.1, 732 N.E.2d 274, citing Milton v. Boston, 427 Mass. 1016, 1017, 696 N.E.2d 141 (1998), and Campiti v. Commonwealth, 426 Mass. 1004, 1005, 687 N.E.2d 268 (1997).