NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13427

IMRE KIFOR  vs.  COMMONWEALTH & others.[1]


August 8, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


Imre Kifor filed a petition in the county court seeking
relief in the nature of certiorari, pursuant to G. L. c. 249,
§ 4.  A single justice of this court treated the filing as a
petition under G. L. c. 211, § 3, and denied it without a
hearing.  We agree that extraordinary relief is not warranted
and affirm.

Whether considered under G. L. c. 249, § 4, or G. L.
c. 211, § 3, Kifor's petition generally sought correction of
alleged errors in judicial proceedings in the Middlesex Division
of the Probate and Family Court, including rulings he
characterizes as "gatekeeper" orders and describes as requiring
him to obtain permission from that court before filing and
serving additional pleadings in those proceedings.  Among
Kifor's claims is the contention that he was precluded from
seeking review of those orders because one or more of them was
not timely entered on the Probate and Family Court's docket.

After the single justice denied relief and the appeal was
entered in this court, Kifor filed a memorandum and appendix
pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).
That rule applies when a single justice of this court "denies
relief from an interlocutory ruling in the trial court."  Id.

---

[1] Governor, Attorney General, Commissioner of Revenue,
Middlesex Division of the Probate and Family Court Department,
Barbara A. Duchesne, and Cynthia S. Oulton.  None of the
appellees has appeared in this appeal.

Irrespective of whether the rule applies to all of Kifor's myriad claims, we have reviewed his submissions and the record before the single justice and conclude that extraordinary relief properly was denied.

"Regardless of whether relief is requested in the nature of certiorari or mandamus, or by means of the court's extraordinary power of general superintendence, relief is available only where the petitioner demonstrates the absence of an adequate and effective alternative remedy."  Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018), citing Picciotto v. Appeals Court (No. 2), 457 Mass. 1002, 1002, cert. denied, 562 U.S. 1044 (2010) (certiorari review unavailable where other paths for review available); Murray v. Commonwealth, 447 Mass. 1010, 1010 (2006) (relief in nature of mandamus is extraordinary, and granted in court's discretion only where other relief unavailable); Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996) (relief properly denied under G. L. c. 211, § 3, "where there are [other] adequate and effective routes . . . by which the petitioning party may seek relief").  See also Kifor v. Commonwealth, 491 Mass. 1002, 1002 (2022).

In this case, Kifor failed to carry his burden of demonstrating that adequate alternative remedies were not available to him.[2]  To the extent he challenges the entry of interlocutory "gatekeeper" orders or any associated interlocutory orders denying motions seeking leave to file particular materials, he could seek reconsideration of those orders or avail himself of the procedures described in G. L.

---

[2] It is incumbent on a petitioner for extraordinary relief to "'to create a record -- not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders . . . or other parts of the lower court record necessary to substantiate [his] allegations' that [extraordinary] relief is warranted. Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998)."  Hunt v. Appeals Court, 441 Mass. 1011, 1011 (2004) (insufficiency of record provides basis to deny relief pursuant to G. L. c. 211, § 3).  See Kifor v. Commonwealth (No. 1), 490 Mass. 1003, 1004 (2022) (petitioner for certiorari has burden to demonstrate absence or inadequacy of other remedies); Murray v. Commonwealth, 447 Mass. 1010, 1010 n.4 (2006) (insufficiency of record provides basis to deny mandamus relief).  The record presented in this case is insufficient to warrant extraordinary relief in the nature of certiorari, providing an additional basis on which to deny the petition.

c. 231, § 118.  See Kifor v. Commonwealth (No. 1), 490 Mass. 1003, 1004 (2022).  See also Padmanabhan v. Cooke, 483 Mass. 1024, 1025 (2019); Picciotto v. Chief Justice of the Superior Court, 446 Mass. 1015, 1016 (2006).  To the extent he challenges the entry of any final order of the Probate and Family Court, he may appeal from any such order.  See Bishay v. Land Court Dep't of the Trial Court, 477 Mass. 1032, 1033 (2017).  See also Kifor (No. 1), supra ("appeals from various decisions and orders of the Probate and Family Court" pending before Appeals Court).  To the extent Kifor contends that the docketing of any order was delayed and that the appellate period lapsed in the interim, a motion under Mass. R. Civ. P. 60 (b) (1) or (6), 365 Mass. 828 (1974), may provide a remedy.  See Wells Fargo Bank, N.A. v. Mondi, 98 Mass. App. Ct. 280, 285-286 (2020); Abbott v. John Hancock Mut. Life Ins. Co., 18 Mass. App. Ct. 508, 514-515 (1984).

This is the fifth time that Kifor has sought some form of extraordinary relief arising from protracted litigation between him and the mothers of his children.  He has been warned repeatedly that "further baseless attempts to obtain extraordinary relief could result in sanctions."  Kifor v. Commonwealth, 492 Mass. 1002 (2023).  Most recently, we directed that the

> "clerk of this court for Suffolk County and the clerk for the Commonwealth are instructed not to accept any new petition or appeal from this petitioner that seeks extraordinary relief, by way of G. L. c. 211, § 3, or otherwise, unless it is accompanied by a motion for leave to file, and shall not docket the petition or appeal unless and until the full court grants the motion on making a preliminary determination that the petitioner has no other adequate remedy and that he has furnished the court with a record that substantiates his claims.  Cf. Watson [v. Justice of the Boston Div. of the Hous. Court Dep't], 458 Mass. [1025, 1027 (2011)], and cases cited."

Id. at 1003.  This appeal was pending when that decision issued, and therefore is not subject to its requirements.  It is nonetheless notable that the appeal has failed for the same reasons that prompted this court to institute the above-described limitations on Kifor's future filings.  Nothing in Kifor's petition required extraordinary relief, and the single justice was warranted in denying it.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Imre Kifor, pro se.