## COMMONWEALTH *VS.* FRANK ROSADO.

No. 96-P-774.

Hampden. June 25, 1997. - August 19, 1997.

Present: KASS, SMITH, & LAURENCE, JJ.

Further appellate review granted, 426 Mass. 1103 (1997).

*Identification. Practice, Criminal,* Instructions to jury. *Evidence,* Hearsay, Identification.

In a criminal case in which a witness made an identification of the defendant at the scene based on his clothing, but not at trial, and so testified, as did a police officer, the defendant was entitled to an instruction to the jury that they could consider the possibility that the witness had made an honest but mistaken identification; where the judge had declined to do so, the defendant was entitled to a new trial. [382-384]

INDICTMENTS found and returned in the Superior Court Department on June 29, 1994.

The cases were tried before *John F. Moriarty,* J.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Deborah D. Ahlstrom,* Assistant District Attorney, for the Commonwealth.

KASS, J. At a charge conference upon the conclusion of presentation of evidence on indictments of attempted breaking and entering in the daytime and possession of burglarious instruments, defense counsel asked for inclusion of a *Pressley* instruction, i.e., that the jury could consider the possibility that a witness had made an honest but mistaken identification. *Commonwealth* v. *Pressley,* 390 Mass. 617, 620 (1983). *Commonwealth* v. *Caparrotta,* 34 Mass. App. Ct. 473, 476 (1993). The judge declined to do so. In the circumstances, this was error, and we reverse the judgment.

It is not necessary to give a *Pressley* charge every time a witness makes an identification. "There may be cases in which the parties are so well known to each other or so closely related

that under sufficient lighting and with appropriate physical proximity, the identification by the victim is either true or the victim is lying." *Commonwealth* v. *Pressley, supra* at 619. We proceed, therefore, to consider *first,* whether there was an identification at all in this case — the trial judge at the charge conference seemed to think not — and *second,* whether the evidence admitted of the possibility of an honest mistake.

In summary, the evidence was as follows. Hector Esparra, standing on his porch, noticed a bicycle that made him think there was "a kid out there playing around in the building." He investigated. What he saw was a man trying to work his way into a basement apartment with a screwdriver. Esparra did not see the man's face but noted that he was wearing a black and red hooded sweater. Esparra telephoned the police. Officer Greg Judge of the Holyoke police arrived within minutes. Esparra pointed to the basement apartment area. The police officer followed that direction and spotted four pry marks and wood slivers at the apartment door. Nearby he found the defendant crouched in a corner of the well leading to the basement apartment. A pat-frisk produced three screwdrivers tucked in the front of the defendant's pants. The defendant explained that he had sought the refuge of the corner to smoke a marihuana joint, which he swallowed when he saw the police. The police found no evidence to support Rosado's story. As for the screwdrivers, the defendant said he had been repairing his sister's stereo.

1. *Did Esparra make an identification of the defendant?* After apprehending the defendant, Officer Judge brought him up from the well and placed him in his cruiser. At trial the officer was allowed to testify that he had gone to Esparra and asked him whether the defendant was the individual Esparra had seen and reported and that Esparra indicated "yes." That hearsay was received under the exception applicable to identification statements made close in time to the criminal event. See *Commonwealth* v. *Weichell,* 390 Mass. 62, 71 (1983); *Commonwealth* v. *Morgan,* 30 Mass. App. Ct. 685, 690 (1991). It will be recalled that Esparra saw the defendant only from the back but the hearsay exception for identification applies as well to identification made on the basis of clothing. See *Commonwealth* v. *Morgan, supra* at 690. Compare *Commonwealth* v. *Evans,* 42 Mass. App. Ct. 618, 620-623 (1997). The judge was cognizant of the evidentiary issue, because when defense counsel objected to the police officer's testifying to what Esparra

said, the judge ruled: "I think he's being asked for identification, that's an exception to the hearsay rule. If that's what the answer is, I will permit it."

When Esparra was on direct examination at trial, he was asked: "You indicated to them the man the police had was wearing the same clothes as the individual you saw fooling with the door of [the basement] apartment?" Esparra answered, "Right." To this degree, identification of the defendant by Esparra was part of the evidence in the case, even though Esparra made no direct identification at trial. In declining to include a *Pressley* charge, the trial judge, somewhat contrary to the view he had taken when he allowed the police officer to testify about what Esparra had said or indicated, said: "The eyewitness didn't indentify him, the eyewitness said really he had seen a colored jacket on, well he was the guy. Furthermore, in your closing argument [defense counsel's] you didn't suggest that he wasn't there." There was no question that the defendant was "there." The question was whether he was the same man Esparra had seen, a proposition that was highly likely, but not inevitable.

2. *Did the identification admit of the possibility of an honest mistake by Esparra?* In view of the quick response of the police, it is a bit puzzling why Esparra testified to a time interval of fifteen minutes before the police arrived. That, however, was the Commonwealth's evidence and Esparra ascribed the time lapse to his having to go elsewhere to make his telephone call. That time interval admits of the possibility that the defendant came into the well after somebody else had attempted a burglary and been frightened off. The arresting officer testified to the defendant having worn a dark jacket, a description consistent with but not the same as a black and red sweater. The defendant's explanation of what he was doing in the basement well was less than plausible, and his possession of screwdrivers was, in the circumstances, highly suggestive. The short duration of time between Esparra having noticed something going on and the apprehension of the defendant reduces the likelihood of the apparent burglar having slipped away and the defendant having slipped into the well. When "all is said and done," however, we are not able to say with assurance that the error could not have influenced the jury. *Kotteakos* v. *United States*, 328 U.S. 750, 764-765 (1946). *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983). As defense counsel asked for a *Pressley* instruction, he was, in the circumstances, entitled to

have it. While there was sufficient evidence to warrant a finding of guilt without Esparra's identification, we cannot know whether Esparra's connection of the defendant with what he had earlier seen may have been a determinative factor when the jurors deliberated. Accordingly, we reverse the judgments and set the verdicts aside.

*So ordered.*