COMMONWEALTH *vs.* JOSEPH DELONG.

No. 06-P-1164.

Suffolk. January 3, 2008. - June 13, 2008.

Present: DUFFLY, GRASSO, & COWIN, JJ.[1]

*Identification. Evidence,* Hearsay, Identification, Testimony of third party
   respecting identification, Photograph. *Constitutional Law,* Confrontation of
   witnesses, Assistance of counsel. *Practice, Criminal,* Assistance of counsel,
   Instructions to jury.

At a criminal trial, the judge erred in admitting in evidence, for substantive
   purposes, a police officer's testimony referring to an out-of-court identifica-
   tion made by a nontestifying witness [43-45]; however, where the chal-
   lenged testimony, which consisted of three fleeting references made over
   the course of a four-day trial in which there was substantial evidence of
   guilt, made no difference in the outcome of the case and was, in any event,
   cumulative of other witnesses' testimony, the error did not give rise to a
   substantial risk of a miscarriage of justice [45-46], and defense counsel's
   failure to object to the admission of the testimony did not constitute inef-
   fective assistance of counsel [46-47].

A criminal defendant failed to demonstrate that he was adversely affected by
   the judge's charge to the jury, which omitted an instruction regarding the
   possibility of an "honest but mistaken" identification [47-49]; further, the
   defendant failed to demonstrate ineffective assistance arising from counsel's
   alleged failure to investigate certain third parties [49], to impeach a wit-
   ness in a particular manner [49-50], to object to testimony that only mildly
   corroborated the otherwise strong evidence regarding identification [50], to
   object to identification testimony based on an allegedly suggestive photo-
   graphic array [50-51], or to call a specific witness or to forgo a futile mo-
   tion to dismiss the indictment [51].

INDICTMENT found and returned in the Superior Court Depart-
ment on March 31, 1998.

Following review by this court, 60 Mass. App. Ct. 528 (2004),
a second motion for a new trial, filed on July 11, 2006, was
considered by *Elizabeth B. Donovan,* J.

---

[1]Justice Cowin participated in the deliberation on this case and authored
this opinion prior to his retirement.

*Kathleen M. McCarthy* for the defendant.

*Nicole Rimar* (*Carina R. Canaan*, Assistant District Attorney, with her) for the Commonwealth.

COWIN, J. The defendant, Joseph Delong, was convicted of armed robbery by a Superior Court jury following the theft of $4,500 from Shaw's Supermarket in the Brighton section of Boston. He filed a notice of appeal and then a motion for a new trial. His motion was denied by the trial judge, and he appealed also from that order. We consolidated the appeals and affirmed both the judgment of conviction and the denial of the motion for a new trial. See *Commonwealth* v. *Delong*, 60 Mass. App. Ct. 528 (2004).

The defendant thereafter filed a second motion for a new trial, which was denied by the trial judge without a hearing. The judge based her decision in part on waiver (i.e., that the issues either had been, or could have been, advanced previously), and in part on a determination that "[t]here was no ineffective assistance of appellate counsel in light of the overwhelming evidence on the sole issue raised by the defendant — misidentification." In his appeal from this order, the defendant, by counsel, asserts error in two respects: (1) that evidence that he was identified by a nontestifying witness violated his constitutional right of confrontation under *Crawford* v. *Washington*, 541 U.S. 36 (2004); and (2) that it was ineffective assistance on the part of his trial counsel not to object to the admission of that identification or to the omission from the judge's jury charge of an "honest but mistaken" instruction regarding identification as set forth in *Commonwealth* v. *Pressley*, 390 Mass. 617, 619-620 (1983). The defendant has submitted a separate brief pro se in which he reiterates the above claims and asserts others not addressed by his counsel. We consider the various claims of error individually *infra*, including necessary facts in relation to each subject,[2] and affirm the order denying the defendant's second motion for a new trial.

1. *Right of confrontation.* The robbery in question took place on January 17, 1998. As the judge observed, the defense was that the defendant had been mistakenly identified as the per-

---

[2]A full recitation of the facts underlying the armed robbery conviction is set forth in *Commonwealth* v. *Delong, supra* at 529-533.

petrator. On January 19, 1998, Detective Paul Mahoney of the Boston police department displayed a photographic array containing a photograph of the defendant to four employees of Shaw's Supermarket who were present at the Brighton store during the robbery (specifically, Kevin Beaton, Richard LaMonica, Aleika Lewis, and Angela Wilson). In direct testimony, Mahoney stated that each of the four had identified the defendant as the perpetrator from the array. While Beaton, LaMonica, and Lewis testified and generally corroborated Mahoney's testimony with respect to their out-of-court identifications of the defendant, Wilson did not testify. The defendant, acknowledging the absence of an objection to Mahoney's testimony on the subject, argues that it was error to admit Mahoney's reference to Wilson's identification in these circumstances, and that the error created a substantial risk of a miscarriage of justice because of the denial of the right of confrontation as set forth in *Crawford* v. *Washington*, *supra*.

The United States Supreme Court rendered its decision in *Crawford* after we disposed of the direct appeal in this case. Consequently, the decision does not apply to this conviction, at least as the product of any Federal constitutional requirement. See *Whorton* v. *Bockting*, 549 U.S. 406, 417-421 (2007). While a State may choose to apply the *Crawford* principle retroactively under its own law, see *Danforth* v. *Minnesota*, 128 S. Ct. 1029, 1041-1042 (2008), there has been no indication to date that this is a view that the Supreme Judicial Court is likely to adopt.

Be that as it may, the defendant has a reasonable basis for complaint because, irrespective of *Crawford*, Mahoney's testimony that Wilson made an out-of-court identification of the defendant should not have been admitted. Indeed, the Commonwealth concedes as much. An observer of an out-of-court identification may testify thereto, and such testimony may be received for substantive purposes, if the identifying declarant testifies at trial. See *Commonwealth* v. *Cong Duc Le*, 444 Mass. 431, 436-437 (2005).[3] This rule of evidence is not in conflict with the confrontation clause of the United States Constitution.

---

[3]This is so even though the declarant disclaims that he made the identification that has been attributed to him. See *Commonwealth* v. *Cong Duc Le*, *supra* at 439.

See *United States* v. *Owens*, 484 U.S. 554, 559-563 (1988). If, however, the declarant does not testify, the out-of-court statement is inadmissible for substantive purposes under traditional hearsay rules.

The question then becomes whether the defendant was harmed by the error. In the absence of an objection, we review to determine whether there is a substantial risk of a miscarriage of justice, see *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967), meaning that "we are left with uncertainty that the defendant's guilt has been fairly adjudicated." *Commonwealth* v. *Randolph*, 438 Mass. 290, 294-295 (2002), quoting from *Commonwealth* v. *Azar*, 435 Mass. 675, 687 (2002). We are certain that, given the remainder of the testimony, the erroneously admitted evidence made no difference in the outcome.

As indicated, Beaton, LaMonica, and Lewis testified at trial and acknowledged that they had made the out-of-court identifications of the defendant to which Mahoney testified. Each of them had interacted with the perpetrator on the occasion of the robbery to a greater extent than had Wilson. Each independently described the perpetrator in similar terms and in material respects, including the gaps in his teeth, dark clothing, sunglasses, and green hooded sweatshirt. There was in addition testimony by two other witnesses who had identified the defendant from a photographic array in connection with similar armed robberies perpetrated earlier at Shaw's Supermarket stores in Newton.[4] By contrast, Mahoney's statements at trial regarding Wilson's identification were minimal, coming essentially by means of his lumping together Wilson's identification with those of the other three.[5]

The challenged testimony consisted of three fleeting references made over the course of a four-day trial in which there was substantial evidence of guilt. Where that evidence fully supported the verdict, the improper testimony did not create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Rebello*,

---

[4] The defendant's convictions of unarmed robbery in connection with the Newton stores was the subject of our opinion in *Commonwealth* v. *Delong*, 60 Mass. App. Ct. 122 (2003).

[5] For example, Mahoney on one occasion stated that "all of them did identify the defendant." At another time, he testified that Lewis and "the other three witnesses also positively identified the defendant."

450 Mass. 118, 129 (2007). Contrary to the defendant's contention, cross-examination did not expose such weaknesses in the witnesses' testimony that the inadmissible evidence could reasonably be viewed as having made a material contribution to persuading the jury to return a guilty verdict. In any event, "[t]he mistaken admission of hearsay evidence, if merely cumulative of another witness's testimony, does not constitute reversible error," *Commonwealth* v. *O'Connor*, 407 Mass. 663, 670 (1990), and it follows that it clearly does not establish the existence of a substantial risk of a miscarriage of justice.

2. *Ineffective assistance of counsel.* We apply to the defendant's contentions the standards applicable to a claim of ineffective assistance of counsel, which standards do not require repeating. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). If an alleged tactical error of counsel is at issue, the defendant must demonstrate that counsel's tactical judgment was "manifestly unreasonable." *Commonwealth* v. *Stuckich*, 450 Mass. 449, 461 (2008), quoting from *Commonwealth* v. *Finstein*, 426 Mass. 200, 203 (1997). Whatever the defendant's theory, it is his burden to demonstrate that counsel has been ineffective in the sense set forth in *Saferian, supra.* See *Commonwealth* v. *Comita*, 441 Mass. 86, 90 (2004). The defendant has not persuaded us that he has been a victim of ineffective assistance of counsel in any respect.

The defendant's first objection to his counsel's performance is that counsel failed to object to Mahoney's testimony regarding Wilson's out-of-court identification. This assertion essentially recycles his argument, disposed of *supra*, that there was a substantial risk of a miscarriage of justice by virtue of a denial of his right of confrontation. We pass the very real possibility that counsel, prepared to attack the identifications of the three witnesses who did testify, chose not to call special attention to the out-of-court observer by objecting to the brief references to the hearsay. Such a tactic cannot be said to be manifestly unreasonable in the context of the case. See *Commonwealth* v. *Beliard*, 443 Mass. 79, 88-89 (2004). Even were it otherwise, we have concluded that the outcome of the case could not have been affected by admission of the hearsay. It follows, therefore, that ineffective assistance has not been shown given that counsel's

decision did not "likely deprive[] the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. at 96.

We turn to the defendant's claim that his counsel was constitutionally ineffective for failing to object to the judge's omission in the jury charge of an instruction regarding the possibility of an "honest but mistaken" identification by the identifying witnesses. See *Commonwealth* v. *Pressley*, 390 Mass. at 619-620. Defense counsel in fact requested such an instruction, proposing that the judge charge, in relevant part, that "[y]ou (the jury) must also decide whether that witness's identification is accurate or instead is an honest mistake. . . . Deciding whether a witness is trying to tell you the truth is only the first step. You must then go on to decide if the witness's identification is accurate in fact." This was a correct statement of the law and was an appropriate request given the nature of the identifying witnesses' testimony. *Id.* at 619.

The judge informed the parties that she would instruct on the question of the accuracy of the identifications in accordance with *Commonwealth* v. *Cuffie*, 414 Mass. 632, 639-641 (1993), and *Commonwealth* v. *Santoli*, 424 Mass. 837, 845-846 (1997), and proceeded to do so. Defense counsel did not object to the instruction as given. In deciding whether this was an omission that constituted ineffective assistance of counsel, we equate "depriv[ing] the defendant of an otherwise available, substantial ground of defence," *Commonwealth* v. *Saferian*, *supra*, with "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. at 564. See *Commonwealth* v. *Randolph*, 438 Mass. at 295-296.

At least since *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 301-302 (1979), trial judges have been expected to instruct with respect to the possibility that a witness might testify honestly, but also be mistaken, in his identification of a defendant as the perpetrator of a crime. The *Rodriguez* decision cited with approval, and set out in full in an appendix, model instructions drawn from *United States* v. *Telfaire*, 469 F.2d 552, 558-559 (D.C. Cir. 1972). Those instructions emphasize the capacity of the witness to make an accurate identification. Indeed, there is only a single direct reference to the possibility of an intentional

falsehood: "you must consider the credibility of each identification witness in the same way as any other witness, consider whether he is truthful." *Commonwealth* v. *Rodriguez*, 378 Mass. at 311.

This was followed in a few years by *Commonwealth* v. *Pressley*, 390 Mass. at 618-619, wherein the defendant requested, and the judge gave, the *Rodriguez/Telfaire* instruction on the subject of identification. The judge refused, however, to instruct on the possibility of a good faith error on the part of the identifying witness. *Id.* at 619. The Supreme Judicial Court reversed, stating that "[f]airness to a defendant compels the trial judge to give an instruction on the possibility of an honest but mistaken identification when the facts permit it and when the defendant requests it," and characterizing this proposition as "precisely the thrust of *Commonwealth* v. *Rodriguez.*" *Id.* at 620. The problem addressed in *Pressley* appears to have arisen in large part because the judge insisted on telling the jury that the "simple" issue in the case was "[h]ow do you decide when a witness is telling the truth and lying through his teeth?"

Ten years later, in *Commonwealth* v. *Cuffie*, 414 Mass. at 640-641, the court cited with approval the *Rodriguez/Telfaire* instruction, and again included it in an appendix, with a change that is not relevant to the present appeal. There was no mention of *Pressley*. Another change, also immaterial to the present case, was effected by *Commonwealth* v. *Santoli*, 424 Mass. at 845-846, in which the court cited *Rodriguez*, *Pressley*, and *Cuffie*. Finally, in *Commonwealth* v. *Rosado*, 428 Mass. 76, 78-79 (1998), the court cited *Rodriguez* and *Pressley*, omitted any reference to *Cuffie*, referred to "the *Pressley* rule," and concluded that it was error for the judge to refuse to give a requested "instruction on the possibility of a good faith mistake in [a witness's] identification."

It is therefore unclear to us whether the previously approved *Rodriguez/Telfaire* instruction is sufficient by itself, or whether the language of *Pressley*, 390 Mass. at 620, that refers expressly to "the possibility of an honest but mistaken identification" must be added to it. However, we leave the precise answer to another day (or another court), because we are satisfied in the present case that omission of the *Pressley* language had no effect whatever on the outcome.

"It is well settled that a judge need not grant a particular instruction so long as the charge, as a whole, adequately covers the issue." *Commonwealth* v. *Key*, 19 Mass. App. Ct. 234, 243 (1985). The judge in this case informed the jury that "an important issue in this case is the identification of the defendant as the perpetrator of the crime." She then set forth the factors recommended in the *Cuffie* decision for a jury to consider when judging the reliability of identification testimony, including whether the witnesses had the capacity and opportunity to make their identifications reliably.[6] The instruction was plainly adequate to "avoid[] the vice of linking the reliability of the identification to the victim's veracity." *Commonwealth* v. *Simmons*, 11 Mass. App. Ct. 156, 162 (1981). In addition, the trial focused continuously on the accuracy, or lack thereof, of the identifications of the defendant, and that issue was brought forcefully to the jury's attention by cross-examination and otherwise. The defendant has not demonstrated in what way he was adversely affected by the formulation of the applicable standards set forth in the judge's charge.

3. *Other issues.* We address briefly the remaining contentions set forth by the defendant in his pro se brief. The witness Lewis did not "identify" other men in the photographic arrays. She identified the defendant while indicating that two other men whose pictures were in the array looked similar. She was cross-examined. The judge was not required to credit the defendant's affidavit that one of the men had repeated to him that he had been questioned by police about the robbery. See *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 48 (1997). Even if she did so, that fact did not require that defense counsel investigate the men characterized by the witness as similar in appearance, and it was not ineffective assistance for counsel not to do so.

Counsel also was not ineffective by virtue of not obtaining a transcript from the earlier trial of the defendant arising out of the Newton Shaw's Supermarket robberies in order to impeach the testimony of various witnesses by virtue of alleged prior inconsistent statements. The inconsistencies were explored in cross-

---

[6]The judge also complied with the requirement of *Commonwealth* v. *Santoli*, 424 Mass. at 845-846, by omitting any reference to the confidence with which the witnesses asserted their respective identifications.

examination in various ways. We see nothing that makes inapplicable the general principle that failure to impeach a witness in a particular manner does not constitute ineffective assistance of counsel. See *Commonwealth* v. *Hudson*, 446 Mass. 709, 715 (2006). See also *Commonwealth* v. *Duhamel*, 391 Mass. 841, 843-844 (1984).

We agree with the defendant that counsel could rightfully have objected to the testimony of Detective Anderson that identified the defendant as the man in still photographs taken from a surveillance video from the Brighton Shaw's Supermarket store. That the testimony was given in the course of an explanation of why the defendant was arrested does not justify it in the absence of a showing that the reason for the arrest is relevant to some issue in the case. Whether the photographs were of the defendant was for the jury, not for a conclusion by a witness. However, in light of the strength of the properly admitted evidence with respect to identification, the failure to object to this mildly corroborative testimony cannot be said to have created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Austin*, 421 Mass. 357, 366 (1995).

We are not persuaded by the defendant's contention that counsel was ineffective because he failed to object to identification testimony based on an allegedly suggestive photographic array. Our examination of the array does not disclose the purported disparity in the number of "rounded faces" that the defendant refers to in his brief. His assertion that his picture was distinguishable from the remainder because the background was a different color and the image was "oddly positioned" (which we also fail to see) is of little consequence where none of the witnesses suggested that either factor influenced their selections. See *Commonwealth* v. *Melvin*, 399 Mass. 201, 207 n.10 (1987) (identification from photographic array in which subject pictured with distinctive feature permissible where witness clearly did not select photograph on that basis). "Photographic identification procedures are constitutionally invalid if the procedures were 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' " *Commonwealth* v. *Thornley*, 400 Mass. 355, 364 (1987), quoting from *Simmons* v. *United States*, 390 U.S. 377,

384 (1968). It is the defendant's burden to demonstrate that this is the case, see *Commonwealth* v. *Thornley*, 406 Mass. 96, 98-99 (1989), and he has not sustained it here. Because an objection to the identifications from the array would not have succeeded, a decision by counsel not to object did not constitute ineffective assistance.

The defendant alleges that his counsel negligently failed to call a specific witness, John Ryan, to testify that the distances between certain alibi locations and the sites of the robberies were greater than those set forth in police testimony. The information enters the record by means of Ryan's affidavit, given more than five years after the trial. The defendant has made no showing either that counsel was or should have been aware that Ryan had such information; that the information was accurate; or that counsel's decision not to use it was not a tactical choice. Finally, any awareness on the part of the grand jury of media coverage regarding the events was not a ground for dismissal of the indictment, see *Commonwealth* v. *McLeod*, 394 Mass. 727, 732-735 (1985), and it was not ineffective assistance of counsel to forgo a futile motion.

> *Order dated July 12, 2006, denying defendant's second motion for new trial affirmed.*