A jury convicted the defendant, Scott Zagwyn, of operating a vehicle under the influence of alcohol[2] (OUI) and negligent operation of a motor vehicle. The arresting officer testified that, based upon his interactions with and observations of the defendant, the defendant was "too intoxicated to operate [a] vehicle that night." The defendant appeals his conviction, arguing there was insufficient evidence to support his convictions of OUI and negligent operation of a motor vehicle,[3] and the officer's improper testimony created a substantial risk of a miscarriage of justice. Although we agree the officer's testimony was improper, the evidence was sufficient to convict the defendant, and any prejudice the officer's testimony caused was overcome by the other evidence presented and the judge's jury instructions. Accordingly, we affirm.
1. Background. We recite the facts as the jury could have found them in the light most favorable to the Commonwealth. On May 23, 2015, the defendant was staying in Truro and he and three friends went to a bar in Hyannis. The group arrived at 9 P.M. and left the bar around 10:30 P.M. , during which time the defendant claimed he had two beers. The quartet then took a cab to another friend's house, but upon arrival were immediately turned away and returned to the bar where their car was parked. According to the defendant's testimony, the four men, weary of embarking on the one-hour drive back to Truro in their current condition, slept in the car for three and one-half hours.
At approximately 2:40 A.M. the following morning, a Barnstable police officer observed the defendant's vehicle enter a rotary with only one headlight illuminated. The officer followed the vehicle for about one mile before signaling it to pull over. The officer did not observe the vehicle speed or drive erratically. When the officer approached the vehicle, the defendant immediately asked why he had been stopped, and the officer noticed a strong odor of alcohol on the defendant's breath. The defendant's eyes were "glassy and bloodshot" and his speech "thick and slurred." The officer asked the defendant if he drank alcohol that evening, and the defendant admitted to having two drinks. The officer asked the defendant to perform field sobriety tests and whether the defendant's leg brace, or any other ailment, would hinder his performance. The defendant consented and said he was capable of performing the tests. The defendant took three tests, each of which was explained to the defendant and each of which, in the officer's view, the defendant failed. The officer then placed the defendant under arrest and transported him to the police station for booking.
2. Discussion. a. Sufficiency of the evidence. We review the denial of a motion for a required finding of not guilty to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). We consider the evidence, along with any reasonable inferences drawn therefrom, as it stood at the time the Commonwealth rested and the defense filed its motion for a required finding, unless the Commonwealth's proof deteriorated after it rested. Cramer v. Commonwealth, 419 Mass. 106, 112-113 (1994).
The defendant argues the evidence was insufficient to support a jury finding that he was "under the influence of intoxicating liquor" and, in turn, driving negligently.[4] See G. L. c. 90, § 24 (1) (a ) (1) & (2) (a ). First, the defendant did not renew his motion for a required finding and the Commonwealth's case did not deteriorate, so we review the evidence as it appeared when the Commonwealth rested. The defendant claims the Commonwealth's case deteriorated upon his explanation for his poor performance in the sobriety tests, but contradiction is not deterioration and in these circumstances the jury are simply left to decide which testimony is to be believed. See Cramer, 419 Mass. at 113. Second, contrary to the defendant's contention, these convictions do not require additional evidence of erratic driving, belligerence, or lack of cooperation, those factors merely contribute to a finding that the defendant was impaired or drove negligently. See Commonwealth v. Connolly, 394 Mass. 169, 173 (1985) (Commonwealth need not prove actual erratic or unsafe driving, only diminished capacity to drive). Moreover, the jury could have reasonably construed the defendant's interactions with the arresting officer as belligerent and uncooperative.[5]
Here, the evidence was sufficient. The prosecution presented testimony indicating the defendant failed to follow instructions and perform adequately on three field sobriety tests and had bloodshot eyes, slurred speech, and the odor of alcohol emanating from his breathe. The booking officer also described the defendant as "extremely drunk," and in fact a video of the defendant when that officer made that observation was played for the jury. The defendant may have innocent explanations for all of these acts or conditions, but the jury were free to accept or reject those explanations based upon their assessment of the evidence and the reasonable inferences to be drawn therefrom.
b. Opinion testimony.[6] The law is well settled that a police officer, as a lay witness, may not testify to whether or not a defendant was too impaired to operate a motor vehicle. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) (officer may opine on impairment, but not ability to drive); Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 388-389 (2017) (accord). The defense attorney did not object to the officer's improper testimony, so we review this unpreserved error for a substantial risk of a miscarriage of justice. Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002). See Commonwealth v. Delong, 72 Mass. App. Ct. 42, 47 (2008) (ineffective assistance of counsel claims based on failure to object reviewed for substantial risk of miscarriage of justice).
The officer's testimony did not create a substantial risk of a miscarriage of justice. Although it is true a conviction may not rest on pure "conjecture and speculation," proof beyond a reasonable doubt "may be primarily or entirely circumstantial." Commonwealth v. Lao, 443 Mass. 770, 779 (2005). As outlined above, the prosecution submitted substantial direct and circumstantial evidence indicating the defendant had imbibed enough to impair his ability to drive. Not only did the defendant admit to having had at least two alcoholic drinks that evening, he acknowledged he was on medication and he was not supposed to mix that medication with alcohol, and he appeared unstable to the arresting and booking officers. Additionally, the judge instructed the jurors multiple times that they were free to credit or discredit any testimony they heard, and ultimately it was up to them to use their own common sense and experience when considering "any believable evidence about the defendant's alleged consumption of alcohol, his appearance, his condition, and behavior at the time." See Canty, 466 Mass. at 545 (jury instructions diminish likelihood of prejudice). Although the evidence may not have been as overwhelming or the jury instructions as explicit as in Canty and Gallagher, the evidence presented and instructions given were sufficient to prevent the officer's testimony from causing a substantial risk of a miscarriage of justice.
Judgments affirmed.

After a jury-waived trial, he was also convicted of OUI as a subsequent offense (third offense).

The conviction of negligent operation of a motor vehicle was docketed as placed on file. The transcript reflects that the defendant received a sentence of probation on this count. The defendant appeals this conviction.

The defendant stipulated to the first two elements of both charges, (1) operating a motor vehicle (2) on a public way.

For instance, the officer testified that the defendant "immediately demanded to know why he'd been stopped," and when asked his highest level of education responded he went to "the school of hard knocks." The defendant's conduct in the booking video played for the jury also may have been construed as nonchalant if not uncooperative.

When asked whether he formed an opinion on the defendant's sobriety, the arresting officer stated, "I determined that, based on the tests and my observations that, he was too intoxicated to operate the vehicle that night."