NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-503

COMMONWEALTH

vs.

DANIEL P. GREEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A grand jury twice issued indictments against the defendant for assault and battery on a child causing substantial bodily injury (AB child-SBI) and permitting serious bodily injury on a child (permitting); the victim was the defendant's infant son.[1] After the defendant was arraigned in the Superior Court on the second set of indictments, he moved unsuccessfully to dismiss them.  Later, after a jury-waived trial, a judge convicted the defendant of the battery and acquitted him of the other offense. Because we are satisfied that the evidence presented to the grand jury adequately supported the indictment on which the defendant was ultimately convicted, that the evidence at trial was sufficient to allow the trial judge to convict the

_____

[1] As we explain in more detail below, the Commonwealth dismissed the first set of indictments.

defendant, and that the trial judge acted within her discretion in denying the defendant's motion for new trial, we affirm.

Discussion. 1. Motion to dismiss the indictments.[2] A. Adequacy of the evidence presented to the grand jury in the 2014 case. The defendant challenges the adequacy of the evidence presented to the grand jury to establish probable cause to believe that the defendant, and not someone else, committed the assault and battery on his child that resulted in the child's severe injuries.[3]

> "Although, in general, a court will not inquire into the competency or sufficiency of the evidence before the grand jury, . . . [a]t the very least, the grand jury must hear enough evidence to establish the identity of the accused and to support a finding of probable cause to arrest the accused for the offense charged. . . . Probable cause is a considerably less exacting standard than that required to support a conviction at trial. . . . It requires sufficient facts to warrant a person of reasonable caution

---

[2] As we have noted, the defendant was indicted twice. The first presentment took place in early 2013; the grand jury indicted the defendant of AB child-SBI and permitting (2013 indictments). After the defendant moved to dismiss those indictments, alleging deficiencies in the presentment, see Commonwealth v. O'Dell, 392 Mass. 445 (1984); Commonwealth v. McCarthy, 385 Mass. 160 (1982), the Commonwealth dismissed those indictments. The Commonwealth re-presented the case to a new grand jury in 2014, calling only one live witness (Trooper Joshua Ulrich) and otherwise relying on the transcripts from the first presentment (with the exception of the transcript of the defendant's mother's testimony, which the Commonwealth opted not to rely upon at the second presentment) and a selection of documentary exhibits and interview recordings. The second grand jury, too, indicted the defendant for AB child-SBI and permitting (2014 case). We focus on the 2014 case here.

[3] As we have noted, at trial the defendant was acquitted of the crime of permitting.

2

in believing that an offense has been committed, not proof beyond a reasonable doubt."

Commonwealth v. Reyes, 98 Mass. App. Ct. 797, 801 (2020) (and cases cited, quotations omitted).  Reviewing the grand jury evidence de novo, id., and in the light most favorable to the Commonwealth, see Commonwealth v. Buono, 484 Mass. 351, 362 (2020), we are satisfied that the evidence presented to the grand jury was adequate to establish probable cause to believe that the defendant was the perpetrator of the crime.

The defendant's contention that the Commonwealth's expert testimony about the timing of the crime rules out the defendant as the perpetrator is incorrect.  The evidence established that the victim was brought to the Beverly Hospital emergency room at approximately 10:30 P.M. on November 27.  The Commonwealth's expert, Dr. Alice Newton, testified that the severe traumatic brain injury and retinal hemorrhaging with which the child was diagnosed were the result of the child's having suffered "abusive head trauma or violent shaking" within thirty minutes to four hours prior to his arrival at the hospital.[4]  The

---

[4] Dr. Newton also testified before the grand jury, mistakenly, that the victim was first seen in the Beverly Hospital emergency room at "around 7:30 or eight" on November 27.  As we will explain, however, the evidence showed that the defendant was with the child from 5 P.M. until the child arrived at Beverly Hospital, including being alone with him for over two hours. The error therefore does not undermine the grand jury's indictments.

3

evidence from the defendant's wife and the record of telephone calls between the defendant and his wife in the hours before they brought the victim to the Beverly Hospital emergency room established that the victim was in the defendant's care during the afternoon and evening of November 27, 2012, and further, that the defendant and the victim were alone for much of the period between 5 P.M. and 7:17 P.M.  Regardless of whether the child arrived at the hospital at 10:30 P.M. or, as Dr. Newton mistakenly testified, three hours earlier, where the child was in the father's care within four hours of his admission to the Beverly Hospital emergency room, the evidence was adequate to provide probable cause that the abuse took place during the time the defendant was caring for the child.[5]

The evidence was likewise adequate to establish probable cause to believe that the defendant, rather than someone else, was the victim's abuser.  See Buono, 484 Mass. at 365 (evidence before grand jury must be sufficient to establish identity of accused).  The defendant had the opportunity to commit the abuse within the window of time identified by the Commonwealth's expert, as he was at home with the child for much of the afternoon and evening, and alone with him for at least part of

---

[5] Had the grand jury accepted Dr. Newton's testimony about the child's arrival time at the emergency room, the result would be the same.

that time.[6]  See Commonwealth v. Forte, 469 Mass. 469, 482 (2014)

(jury could have considered defendant's sole opportunity to

commit crime as evidence he was perpetrator).  The defendant

also had a motive for abuse given the financial and marital

pressures he was experiencing, exacerbated by the victim's

persistent need for medical attention and the father's being

"very stressed" by the victim's crying.  See Commonwealth v.

Brea, 488 Mass. 150, 165 (2021) (evidence of motive may bolster

proof of perpetrator's identity).  Additionally, the grand

jurors could have discerned, in both the defendant's scattershot

efforts to shift the blame for the child's injuries away from

himself and onto an array of possible other actors and his

attempts to portray himself to the police and medical personnel

as a doting father despite his repeated complaints about the

victim, evidence of a guilty conscience.  See, e.g.,

Commonwealth v. Porter, 384 Mass. 647, 653 (1981) (evidence that

defendant "embarked on a series of actions consciously designed

to deflect attention from himself" combined with other

inferences may prove guilt).  The Commonwealth was required only

to establish probable cause that the defendant was the

perpetrator; it was not required to rule out all other

---

[6] We do not suggest that the defendant could not have abused the
victim when other people were in the room, but recognize it is
less likely that he would have done so.

possibilities.  See Commonwealth v. Platt, 440 Mass. 396, 401

n.6 (2003).  We are satisfied that the evidence was adequate to

meet "the 'decidedly low standard' of probable cause to indict"

the defendant.[7]  Reyes, 98 Mass. App. Ct. at 801, quoting

Commonwealth v. Barbosa, 477 Mass. 658, 675 (2017).

B.  Improper character evidence.  The defendant's

alternative ground for dismissal of the 2014 indictments -- that

the grand jury minutes from the first presentment that were

introduced as evidence before the second grand jury were tainted

by improper character evidence -- fails adequately to identify

his challenge on appeal.  Without more specific guidance, we do

not consider the defendant's argument further.  See Cameron v.

---

[7] Assuming the defendant's argument that Trooper Ulrich's live
testimony included outdated information about the victim's
injury-related deficits is properly before us, see Boxford v.
Massachusetts Highway Dep't, 458 Mass. 596, 605 n.21 (2010)
(argument raised for first time in reply brief is not properly
before appellate court); Allen v. Allen, 86 Mass. App. Ct. 295,
302 n.11 (2014) ("Any issue raised for the first time in an
appellant's reply brief comes too late, and we do not consider
it" [quotation omitted]), it is not persuasive.  We note that
the medical records on which the defendant relies to attack
Ulrich's testimony on this basis are dated after the second
grand jury presentment was made.  Cf. Commonwealth v. Kobrin, 72
Mass. App. Ct. 589, 608 (2008) (in assessing sufficiency of
evidence, appellate court does not consider evidence that became
available after time of trial).  Further, the records on which
the defendant relies do not refute the evidence showing that the
child suffered substantial injury as a result of the defendant's
abuse.  Indeed, to the contrary, the records explicitly refer to
the child's history of "traumatic brain injury" and include
references to problems with his vision and, on at least one
visit, his ability to walk normally.

<u>Carelli</u>, 39 Mass. App. Ct. 81, 85-86 (1995) (declining to address argument not properly supported in appellant's brief); Mass. R. A. P. 16 (a) (9) (A), (e), as appearing in 481 Mass. 1628 (2019). See also <u>Kellogg</u> v. <u>Board of Registration in Med.</u>, 461 Mass. 1001, 1003 (2011) (where party failed to support claims with legal argument or factual detail, "[a]s both a legal and a practical matter, [party's] submissions provide[d] an insufficient basis for this court reasonably to consider his claims").

2. <u>Motion for new trial</u>. As part of the investigation in this case, Trooper Ulrich seized the defendant's cell phone. Later, after obtaining a warrant to do so, the police searched the phone and extracted text messages and call logs the Commonwealth introduced into evidence during the second grand jury presentment. After his conviction, the defendant moved for a new trial claiming that the police (1) lacked probable cause to seize the phone and (2) failed in their warrant affidavit to establish the necessary nexus between the crime and the phone, and that trial counsel was thus ineffective for failing to move to suppress the warrantless seizure of the telephone. The judge denied the defendant's motion. On review, we discern neither an abuse of discretion nor other error of law in the judge's ruling. See <u>Commonwealth</u> v. <u>Gibson</u>, 489 Mass. 37, 51 (2022).

7

Under the familiar Saferian test, to prevail on a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance fell "measurably below that which might be expected from an ordinary fallible lawyer," and that, as a result, counsel "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant has failed to carry this burden.

First, the defendant has not shown that his motion to suppress was likely to succeed, and so has not satisfied the first prong of the Saferian test. See Commonwealth v. Melendez, 490 Mass. 648, 657 (2022). As to the warrantless seizure of the defendant's phone, evidence of the defendant's voluntary display to Trooper Ulrich of the videorecording of himself and the child as part of his effort to portray himself as a loving father; the fact that, as the police were aware, the defendant and his wife had communicated by telephone in the afternoon and evening of November 27, shortly before taking the victim to Beverly Hospital; and the trooper's awareness that the defendant's step-daughter had been overheard at the hospital asking, "why did Daddy make the baby bleed?" were, taken together, enough to establish probable cause to believe that the defendant had injured the victim and then used the phone to communicate with his wife about the situation. That was adequate to justify the

trooper's seizure of the defendant's phone.  See Commonwealth v. White, 475 Mass. 583, 588-589 (2016) (police may seize item as evidence where government can demonstrate nexus between crime alleged and item seized); Commonwealth v. Dorelas, 473 Mass. 496, 502-504 (2016) (same).  The subsequent search was also proper where, for essentially the same reasons we have just discussed, the affidavit supporting the application for the relevant warrant established probable cause to believe that there was a nexus between the call information on the phone and the abuse on which the criminal charges against the defendant were based.

Second, even if that were not the case, the motion judge, who also presided over the trial in this case, was clear in her memorandum of decision on the defendant's motion for new trial that she did not rely on the evidence taken from the defendant's phone in convicting him.[8]  See Commonwealth v. Kolenovic, 471 Mass. 664, 672-673 (2015), quoting Commonwealth v. Lane, 462 Mass. 591, 597 (2012) (appellate court accords "special deference" to ruling on motion for new trial where motion judge

---

[8] Even apart from the judge's explicit statement in this regard, we note that because the police obtained copies of the text messages and information about the timing of the defendant's calls to his wife on November 27 from the other parties to those communications, his former girlfriend and his wife, much of the relevant evidence extracted from the defendant's phone was admitted at trial through other sources and without objection.

9

also presided over trial).  The judge's denial of the defendant's motion for new trial was proper.

3.  Sufficiency of trial evidence.  The defendant's somewhat cursory challenge to the sufficiency of the evidence at trial again turns on the defendant's interpretation of the timeline of events immediately preceding the victim's arrival at the Beverly Hospital emergency room.  It is not persuasive.  Viewing the evidence in the light most favorable to the Commonwealth, as we are required to do, see Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), we conclude that Dr. Newton's testimony to the effect that the victim's injuries were the result of abuse inflicted as early as 6:30 P.M. on November 27 -- a time when he was in the defendant's sole care, see Commonwealth v. Alammani, 439 Mass. 605, 608-609 (2003) -- together with other evidence of the mechanism and seriousness of the injuries the victim suffered was sufficient to prove the defendant's guilt of the battery against the victim beyond a reasonable doubt.  That there may have been evidence to the contrary does not change the analysis or our conclusion that the evidence was sufficient.  See Commonwealth v. Lugo, 89 Mass. App. Ct. 229, 232 (2016), quoting Commonwealth v. Garcia, 470 Mass. 24, 30 (2014) ("We take this view of the evidence notwithstanding any evidence to the contrary presented by the defendant").

Conclusion.  The defendant's conviction of assault and battery on a child causing substantial bodily injury and the order denying his motion for new trial are affirmed.[9]

> Judgment affirmed.
>
> Order denying motion for new trial affirmed.
>
> By the Court (Ditkoff, Hand & D'Angelo, JJ.[10]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  May 15, 2023.

---

[9] The Commonwealth's motion to strike footnote 2 of the defendant's brief is denied.  We note, however, that in reaching our decision, we have not considered any information outside the record.

[10] The panelists are listed in order of seniority.