NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1220

ANASTASIA ROSE

vs.

PATRICK RICHARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case concerns medical malpractice claims arising from dental procedures the defendant performed on the plaintiff in 2020.  The plaintiff appeals from the dismissal of her complaint for failure to post a bond after not timely submitting an offer of proof.  The plaintiff claims that the motion judge's decision denying her leave to file an untimely offer of proof was arbitrary and capricious, and that she was denied a full hearing.  We affirm.

The plaintiff commenced this action against the defendant in January 2023, alleging that the defendant performed dental work on her without her consent and that those procedures adversely impacted her physical and mental health and required

remedial work.  On May 30, 2023, the Superior Court issued a "notice of tribunal waived," stating that the plaintiff did not timely file an offer of proof.  The notice required the plaintiff to post a bond of $6,000 within thirty days, pursuant to G. L. c. 231, § 60B, to pursue her claim in court.[1]  The plaintiff subsequently filed a "motion to accept late filing of an offer of proof or decrease bond" on the grounds that the plaintiff was indigent and self-represented.  The motion judge denied the motion on December 21, 2023, following a hearing.  On January 26, 2024, judgment entered dismissing the complaint for failure to file the required bond.

When a medical malpractice action is brought against a health care provider, a plaintiff is required to "present an offer of proof to a 'tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth . . . and an attorney authorized to practice law in the commonwealth.'"  DosSantos v. Beth Israel Deaconess Hosp.-Milton, Inc., 497 Mass. 34, 44-45 (2026), quoting G. L. c. 231, § 60B.  The tribunal has the "narrow task" of determining whether the offer of proof "is sufficient to raise a legitimate question of liability appropriate for judicial

_____

[1] The bond amount of $6,000 is set by G. L. c. 231, § 60B, sixth par.

2

inquiry" (citation omitted).  DosSantos, supra at 44.  Where, as here, a plaintiff does not file an offer of proof, there is nothing on which a tribunal can determine whether the evidence presented is sufficient to raise a legitimate question of liability.

Our review is limited by the plaintiff's failure to provide reasoned appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  In her brief, the plaintiff quotes numerous legal authorities without sufficiently explaining how those authorities support her claims of error.  See Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) (briefs that include general "bald assertions of error" devoid of legal arguments do not "rise[] to the level of appellate argument").  The rule requires that the brief filed by the plaintiff contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies."  Mass. R. A. P. 16 (a) (9) (A).  See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).  Rule 16 (a) (9) "is more than a mere technicality.  It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of

3

authority" (quotation and citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995).

In her brief, the plaintiff states that the motion judge discriminated against her based on her indigency and was "vulgar and unprofessional," and that the decision denying her request to decrease the bond amount was "abrasive, unprofessional and unethical."  Although the plaintiff cites legal authority, she does not articulate how it supports her claims.  The plaintiff's reply brief suffers from a similar shortcoming; it contains no citations to the record and cites legal authority without engaging in argument beyond broad assertions of error.  While the plaintiff's claims do not rise to the level of appellate argument, we note that there is nothing in the record to suggest that the motion judge was anything but professional in deciding the plaintiff's motion.  Finally, the plaintiff raises several arguments for the first time in her reply brief, which we do not consider.  See Boxford v. Massachusetts Highway Dep't, 458 Mass. 596, 605 n.21 (2010) (argument raised for first time in reply

4

brief is not properly before appellate court).  Accordingly, we treat the plaintiff's claims as waived.

Judgment affirmed.

By the Court (Grant,
  Brennan & Smyth, JJ.[2]),

Clerk


Entered:  April 29, 2026.

---

[2] The panelists are listed in order of seniority.